## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD W. ADDISON, JON MICHAEL CANTOWINE, GREGORY A. DOTY, GEORGE H. EDWARDS JR., LORENZO HOLQUIN, JAMES CHARLES HUGHES, GLENN JACKLIN, DUNAE A. LANDRY, DANIEL P. MARINOBLE, DAVE MISNER, KAREN M. MORRIS, SANDRA SCHANE, DEBORAH SEAY, TYE KEMP SOVINE, ROBERT DEREK WEEKS, RICHARD ATKINSON, THOMAS J. BRANN, CLYDE L. BURTT, NOVELLA FELTON, ROBERT JOHNSON, PAUL LINKEVICH, ROBERT A. LISOWSKI, ROBERT MITTMAN, MICHAEL NOWICKI, MICHAEL A. PALMER, ANGELO PAZZALI, TAMI PETRI, NORMAN FRANK PRIDGEN III, ALAN T. KING, MARTIN A. WEBB, JIMMIE W. POWERS, DAVID J. PASTWA , BOBBY FLOYD ARMSTRONG, SCOTT HOLLINGER, GLENN WYER, CHARLES ARCHIE III, RICHARD LEE BANTAU, GARY FATLA, GARY GORSKI, STEPHEN M. MAZAR, RAYMUNDO A. MONTEMAYOR, KELLY R. PETERS, JAIME RENE VELA, ROBIN MATSON-KULENKAMP, DUSTIN QUIMBY,JEFFREY ANDREWS, KRIS COOPER, GREG FEHR, JODI L. FIELDS, JOHN PHILIP WALKOWIAK JR., FREDERICK WITCHER, REGINALDO M. DE QUIROZ, DONNA M. TAYLOR, JOSEPH P. ANDERSON, CRAIG STEVEN CAYO, AND TIMOTHY HENN, | Case No.: 1:11-cv-04086 |
| | **AMENDED COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| HOME DEPOT U.S.A., INC. | |
| Defendant. | |

Plaintiffs Todd W. Addison, Jon Michael Cantowine, Gregory A. Doty, George H.

Edwards Jr., Lorenzo Holquin, James Charles Hughes, Glenn Jacklin, Dunae A. Landry, Daniel

P. Marinoble, Dave Misner, Karen M. Morris, Sandra Schane, Deborah Seay, Tye Kemp Sovine, Robert Derek Weeks, Richard Atkinson, Thomas J. Brann, Clyde L. Burtt, Novella Felton, Robert Johnson, Paul Linkevich, Robert A. Lisowski, Robert Mittman, Michael Nowicki, Michael A. Palmer, Angelo Pazzali, Tami Petri, Norman Frank Pridgen III, Alan T. King, Martin A. Webb, Jimmie W. Powers, David J. Pastwa, Bobby Floyd Armstrong,  Scott Hollinger, Glenn Wyer, Charles Archie III, Richard Lee Bantau, Gary Fatla, Gary Gorski, Stephen M. Mazar, Raymundo A. Montemayor, Kelly R. Peters, Jaime Rene Vela, Robin Matson- Kulenkamp, Dustin Quimby, Jeffrey Andrews, Kris Cooper, Greg Fehr, Jodi L. Fields, John Philip Walkowiak Jr., Frederick Witcher, Reginaldo M. De Quiroz, Donna M. Taylor, Joseph P. Anderson, Craig Steven Cayo, Timothy Henn (collectively the "Plaintiffs"), each bring a complaint against  Home Depot, U.S.A. Inc. ("Home Depot" or "Defendant"), and allege as follows:

## **PRIOR LITIGATION**

1.      Each Plaintiff originally opted into the case stylized *Aquilino et al. v. The Home Depot, Inc*., 04-cv-4100, which is currently pending in the District Court of New Jersey before Judge Sheridan. *Aquilino* asserts claims under the FLSA, 29 U.S.C.  §201 *et seq.* By filing consents to join the statute of limitations were tolled on Plaintiffs' claims and have remained tolled by order of the District Court of New Jersey until June 15, 2011.

2. On May 2, 2011, Judge Sheridan entered an Order dismissing without prejudice the opt in plaintiffs in *Aquilino* further holding  that the tolling of the statute of limitations of the opt-in plaintiffs' claims conclude and such statute continue to run for each plaintiff for its unexpired portion on June 15, 2011.

2

3.  Plaintiffs now bring this action pursuant to FLSA, 29 U.S.C. § 201 *et seq.* and to remedy Home Depot's violations of the wage and hour provisions of the FLSA which as deprived Plaintiffs of lawful wages.

4.  Certain Plaintiffs also brings claims under applicable state wage and hour laws.

5.  Specifically, Plaintiffs seek to recover unpaid overtime compensation owed to them pursuant to FLSA and state laws for all hours worked over 40 hours. Each Plaintiff is entitled to such overtime compensation for all hours worked over 40 hours per week for the time period of at least three years prior to the time the Plaintiff consented to Join *Aquilino*.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and under section 216(b) of the FLSA, 29 U.S.C. § 216(b).

7.  This Court also has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between the parties.

8.  Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## PARTIES

9.  Plaintiff Todd W. Addison is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Addison's primary duties consisted of non-managerial tasks of manual labor and customer service.

10.  Plaintiff Jon Michael Cantowine is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Cantowine's primary duties consisted of non-managerial tasks of manual labor and customer service.

11.     Plaintiff Gregory A. Doty is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Doty's primary duties consisted of non-managerial tasks of manual labor and customer service.

12.     Plaintiff George H. Edwards Jr. is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Edwards' primary duties consisted of non-managerial tasks of manual labor and customer service.

13.     Plaintiff Lorenzo Holquin is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Holquin's primary duties consisted of non-managerial tasks of manual labor and customer service.

14.     Plaintiff James Charles Hughes is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Hughes' primary duties consisted of non-managerial tasks of manual labor and customer service.

15.     Plaintiff Glenn Jacklin is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Jacklin's primary duties consisted of non-managerial tasks of manual labor and customer service.

16.     Plaintiff Dunae A. Landry is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Landry's primary duties consisted of non-managerial tasks of manual labor and customer service.

17.     Plaintiff Daniel P. Marinoble is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Marinoble's primary duties consisted of non-managerial tasks of manual labor and customer service.

18.     Plaintiff Dave Misner is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Misner's primary duties consisted of non-managerial tasks of manual labor and customer service.

19.     Plaintiff Karen M. Morris is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Morris' primary duties consisted of non-managerial tasks of manual labor and customer service.

20.     Plaintiff Sandra Schane is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Schane's primary duties consisted of non-managerial tasks of manual labor and customer service.

21.     Plaintiff Deborah Seay is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Seay's primary duties consisted of non-managerial tasks of manual labor and customer service.

22.     Plaintiff Tye Kemp Sovine is a current employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Sovine's primary duties consisted of non-managerial tasks of manual labor and customer service.

23.     Plaintiff Robert Derek Weeks is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Weeks' primary duties consisted of non-managerial tasks of manual labor and customer service.

24.     Plaintiff Richard Atkinson is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Atkinson's primary duties consisted of non-managerial tasks of manual labor and customer service.

25.     Plaintiff Thomas J. Brann is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Brann's primary duties consisted of non-managerial tasks of manual labor and customer service.

26.     Plaintiff Clyde L. Burtt is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Burtt's primary duties consisted of non-managerial tasks of manual labor and customer service.

27.     Plaintiff Novella Felton, is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Felton's primary duties consisted of non-managerial tasks of manual labor and customer service.

28.     Plaintiff Robert Johnson is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Johnson's primary duties consisted of non-managerial tasks of manual labor and customer service.

29.     Plaintiff Paul Linkevich is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Linkevich's primary duties consisted of non-managerial tasks of manual labor and customer service.

30.     Plaintiff Robert A. Lisowski former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Lisowski's primary duties consisted of non-managerial tasks of manual labor and customer service.

31.     Plaintiff Robert Mittman is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Mittman's primary duties consisted of non-managerial tasks of manual labor and customer service.

32.     Plaintiff Michael Nowicki is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Nowicki's primary duties consisted of non-managerial tasks of manual labor and customer service.

33.     Plaintiff Michael A. Palmer is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Palmer's primary duties consisted of non-managerial tasks of manual labor and customer service.

34.     Plaintiff Angelo Pazzali, is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Pazzali's primary duties consisted of non-managerial tasks of manual labor and customer service.

35.     Plaintiff Tami Petri is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Petri's primary duties consisted of non-managerial tasks of manual labor and customer service.

36.     Plaintiff Norman Frank Pridgen III  is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM,

8

Plaintiff Pridgen's primary duties consisted of non-managerial tasks of manual labor and customer service.

37.     Plaintiff Alan T. King is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff King's primary duties consisted of non-managerial tasks of manual labor and customer service.

38.     Plaintiff Martin A. Webb is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Webb's primary duties consisted of non-managerial tasks of manual labor and customer service.

39.     Plaintiff Jimmie W. Powers is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Powers' primary duties consisted of non-managerial tasks of manual labor and customer service.

40.     Plaintiff David J. Pastwa is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Pastwa's primary duties consisted of non-managerial tasks of manual labor and customer service.

41.     Plaintiff Bobby Floyd Armstrong is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Armstrong's primary duties consisted of non-managerial tasks of manual labor and customer service.

42.     Plaintiff Scott Hollinger is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Hollinger's primary duties consisted of non-managerial tasks of manual labor and customer service.

43.     Plaintiff Glenn Wyer is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Wyer's primary duties consisted of non-managerial tasks of manual labor and customer service.

44.     Plaintiff Charles Archie III is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Archie's primary duties consisted of non-managerial tasks of manual labor and customer service.

45.     Plaintiff Richard Lee Bantau is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Bantau's primary duties consisted of non-managerial tasks of manual labor and customer service.

46.     Plaintiff Gary Fatla is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Fatla's primary duties consisted of non-managerial tasks of manual labor and customer service.

47.     Plaintiff Gary Gorski is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Gorski's primary duties consisted of non-managerial tasks of manual labor and customer service.

48. Plaintiff Stephen M. Mazar is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Mazar's primary duties consisted of non-managerial tasks of manual labor and customer service.

49. Plaintiff Raymundo A. Montemayor is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Montemayor's primary duties consisted of non-managerial tasks of manual labor and customer service.

50. Plaintiff Kelly R. Peters is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Peters' primary duties consisted of non-managerial tasks of manual labor and customer service.

51. Plaintiff Jaime Rene Vela is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Vela's primary duties consisted of non-managerial tasks of manual labor and customer service.

52. Plaintiff Robin Matson- Kulenkamp is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM,

Plaintiff Matson-Kulenkamp's primary duties consisted of non-managerial tasks of manual labor and customer service.

53.     Plaintiff Dennis M. Lyons is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Lyons', primary duties consisted of non-managerial tasks of manual labor and customer service.

54.     Plaintiff Dustin Quimby is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Quimby's primary duties consisted of non-managerial tasks of manual labor and customer service.

55.     Plaintiff Jeffrey Andrews is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Andrews' primary duties consisted of non-managerial tasks of manual labor and customer service.

56.     Plaintiff Kris Cooper is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot.  As a MASM, Plaintiff Cooper's primary duties consisted of non-managerial tasks of manual labor and customer service.

57.     Plaintiff Greg Fehr is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

12

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Fehr's primary duties consisted of non-managerial tasks of manual labor and customer service.

58.     Plaintiff Jodi L. Fields is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Fields' primary duties consisted of non-managerial tasks of manual labor and customer service.

59.     Plaintiff John Philip Walkowiak Jr. is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Walkowiak's primary duties consisted of non-managerial tasks of manual labor and customer service.

60.     Plaintiff Frederick Witcher is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Witcher's primary duties consisted of non-managerial tasks of manual labor and customer service.

61.     Plaintiff Reginaldo M. De Quiroz is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff De Quiroz's, primary duties consisted of non-managerial tasks of manual labor and customer service.

62.     Plaintiff Donna M. Taylor is a current or former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was

unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Taylor's, primary duties consisted of non-managerial tasks of manual labor and customer service.

63.     Plaintiff Joseph P. Anderson is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Anderson's, primary duties consisted of non-managerial tasks of manual labor and customer service.

64.     Plaintiff Craig Steven Cayo is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Cayo's primary duties consisted of non-managerial tasks of manual labor and customer service.

65.     Plaintiff Timothy Henn is a former employee of Home Depot, who within the applicable time period, routinely worked over 40 hours per week as a MASM and was unlawfully deprived of overtime compensation by Home Depot. As a MASM, Plaintiff Henn's primary duties consisted of non-managerial tasks of manual labor and customer service.

**Defendant Home Depot**

66.     Defendant Home Depot is a Delaware corporation with its principal executive offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia. Home Depot is the world's largest home improvement retailer and second largest retailer in the United States. It owns and operates nearly 1,800 retail stores throughout the United States including Colorado, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Ohio, Oklahoma, and Wisconsin.

## SUBSTANTIVE ALLEGATIONS FOR EACH PLAINTIFF

67.     Defendant Home Depot, owns and operates approximately1,800 home improvement retail stores located throughout the United States, including Colorado, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Ohio, Oklahoma, and Wisconsin and employs tens of thousands of workers in these stores, including Merchandizing Assistant Store Managers ("MASMs").

### A.  Plaintiffs' Primary Duties were/are Non-Managerial

68.     Home Depot stores generally have the following employees working in each store: Store Manager(s), Assistant Store Managers, including MASMs, Department Heads/Supervisors, and Sales Associates.  Some Home Depot stores also have Human Resource Managers that are involved in the stores hiring, firing and employee scheduling.

69.     Department Heads/Supervisors are hourly associates who are paid at an hourly rate and are entitled to overtime pay if they work over 40 hours per week.

70.     Department Heads/Supervisors can and do perform and are expected to perform many of the "managerial" type tasks that MASMs are expected to perform.

71.     As MASMs, Plaintiffs were required to perform both managerial and non-managerial duties, but Plaintiffs spent the majority of their time on their non-managerial duties. Indeed, Home Depot expected Plaintiffs to prioritize their non-managerial duties over their managerial duties.

72.      Plaintiffs' primary duties as MASMs were non-managerial tasks including such tasks as packing and unpacking freight; setting product; cleaning bathrooms and the store; picking up garbage and taking the garage out; pushing shopping carts and returning shopping

carts from the parking lot to inside the store; running registers; receiving trucks; building displays; cutting wood; painting displays; fixing tools; labeling product in overhead; and loading customers' cars ("tasking"). When Plaintiffs were not tasking and were on the floor, Plaintiffs spent the majority that remaining time providing customer service.

73.    As MASMs, Plaintiffs regularly and routinely worked in excess of 40 hours per week.

74.    One of the requirements of the MASM position was to work a minimum 55 hours per week, which generally broke down into 5 day 11 hour work weeks. Plaintiffs frequently and regularly worked beyond the minimum 55 hours per week.

75.    By the conduct described in this Complaint, Home Depot has violated the Fair Labor Standards Act ("FLSA") and applicable state laws by failing to pay Plaintiffs proper overtime wages as required by law.

76.    Under both federal and state wage laws they are each entitled to be paid for all hours worked over 40 hours per week. While Plaintiffs were employed by Home Depot as MASMs, Home Depot required that they work in excess of 40 hours per week without paying them 1.5 times their regular rate of pay.

77.    Home Depot had a pattern and practice of deliberately misclassifying Plaintiffs as "exempt" employees for the purpose of federal and state overtime law in order to save money in employee compensation.

**B.  Home Depot's Unlawful Conduct Was and Is Willful**

78.    Throughout the relevant time period, Home Depot's policy was to deprive its MASMs of earned overtime compensation. In order to avoid paying MASMs overtime compensation for all hours that they worked in excess of 40 in a workweek, Home Depot

16

uniformly misclassified them as "executives," exempt from federal and state overtime protections.

79.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and state wage and hours laws. This policy and pattern or practice includes but is not limited to:

      a.  Willfully failing to keep records of all the time that MASMs have worked for Defendant's Benefit;

      b.  Willfully failing to keep accurate payroll records as required by the FLSA and state wage and hour laws;

      c.  Willfully misclassifying Plaintiffs as MASMs as exempt from the requirements of the FLSA; and

      d.  Willfully failing to pay Plaintiffs as MASMs, overtime wages for all hours that they worked in excess of 40 hours per week.

80.     Upon information and belief, Home Depot's unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating FLSA and state wage and hour laws.

81.     Upon information and belief, Home Depot was or should have been aware that state and federal laws required it to pay overtime compensation for hours worked in excess of 40 per week to MASMs such as Plaintiffs who primarily perform non-exempt duties.

82.     Upon information and belief, Home Depot was aware or should have been aware, that as MASMs, these Plaintiffs (a) primarily performed non-exempt work such as manual labor ("tasking") and customer service; (b) wielded little or no discretion in the performance of their

duties; (c) spent very little time performing managerial type tasks; (d) and what little managerial tasks they did have, could and were done by hourly associates.

83.     Upon information and belief, despite Plaintiffs' actual and expected job duties, Home Depot uniformly designated and classified the MASM position, and therefore Plaintiffs as "managerial" employees in order to attempt to justify classifying them as exempt from overtime protections and avoid liability for overtime payments properly due to Plaintiffs.

84.     Home Depot's failure to pay Plaintiffs overtime wages for their work in excess of 40 hours per week was willful.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**By Each Plaintiff**

85.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

86.     At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

87.     Home Depot was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

88.     At all times relevant, Plaintiffs were or have been employees of Home Depot within the meaning of 29 U.S.C. §§203(e) and 207(a).

89.     Home Depot failed to pay Plaintiffs the overtime wages to which they are entitled to under the FLSA.

90.     Home Depot failed to keep accurate records of the time worked by each Plaintiff.

91.     Home Depot's violations of the FLSA, as described in this Complaint, have been willful and intentional.

92.     Home Depot failed to make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

93.     Because Home Depot's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

94.     As a result of Home Depot's violations of the FLSA, Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, pre-judgment interest, post-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Colorado Wage Act, 8-4-101 *et. seq.*, Colorado Wage Order No. 22 On Behalf of Plaintiffs Tye Kemp Sovine and Sandra Schane ("Colorado Plaintiffs")

95.     Plaintiffs reallege and incorporate by reference all allegations in paragraphs 1-24, 74-102.

96.     Home Depot engaged in a widespread pattern, policy, and practice of violating Colorado's overtime laws.

97.     At all times relevant, the Colorado Plaintiffs were or are employees of Home Depot and Home Depot has been an employer within the meaning of Colorado's overtime laws. The Colorado Plaintiffs are covered by Colorado's overtime laws.

98.     Home Depot failed to pay the Colorado Plaintiffs overtime wages to which they were entitled under Wage Order 22 Home Depot failed to pay the Colorado Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

99.     Home Depot failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Colorado Plaintiffs.

100.     Home Depot's violations of Colorado's overtime laws, as described in this Complaint have been willful and intentional.

101.     Due to Home Depot's violations of Colorado's overtime laws, the Colorado Plaintiffs are entitled to recover from Defendant their unpaid overtime wages as well as costs of the litigation and reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

A.     Award each Plaintiff unpaid wages due under the FLSA calculated at a rate of one-and-one half times his or her regular rate of pay;

B.     Award the Colorado Plaintiffs unpaid wages due under Colorado state laws calculated at a rate of one-and-one half times their regular rate of pay;

C.     An additional amount and equal award to each Plaintiff as liquidated damages under FLSA;

D.     Award the Colorado Plaintiffs punitive damages, liquidated damages and/or other statutory penalties where available under state law;

E.     Award each Plaintiff pre-judgment and post-judgment interest as provided by law;

F.     Award each Plaintiff the costs of this suit together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

PLEASE TAKE NOTICE that Plaintiffs demand trial by jury as to all issues in the above matter.

Dated: December 1, 2011

By:/s/ Caitlin Duffy
Olimpio Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
32 East 57th Street
12th Floor
New York, New York 10022
Tel:    212-421-6492
Fax:    212-421-6553
Email: lee@sfclasslaw.com
Email: Caitlin@sfclasslaw.com


Mark R. Miller
**WEXLER WALLACE LLP**
One North LaSalle Street
Suite 2000
Chicago, IL 60602
Tel:    (312) 346-2222
Fax:    (312) 346-0022
Email: mrm@wexlerwallace.com


*Attorneys for Plaintiffs*