Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4086 | **DATE** | August 23, 2012 |
| **CASE TITLE** | *Addison v. Home Depot* | | |

**DOCKET ENTRY TEXT:**

In its motion to compel [55], Home Depot requested that the claims of the Non-Responsive Plaintiffs (Clyde Burtt, Jodie Fields, Dennis Lyons, Michael Palmer, David Pastwa, Dustin Quimby, Sandra Schane, Tye Sovine, Donna Taylor, Robert Weeks and Frederick Witcher) be dismissed with prejudice pursuant to Fed.R.Civ.P. 37(d)(1)(A)(i) and (ii) and Fed.R.Civ.P. 37(b)(2)(A)(v) as a sanction for their failure to answer Home Depot's interrogatories. On 8/3/2012, the magistrate judge issued a Report and Recommendation ("R&R") [ 66] recommending that this relief be granted. For the reasons set forth below, the court adopts the R&R and the claims of the Non-Responsive Plaintiffs are hereby dismissed with prejudice as a discovery sanction. The case shall continue with the remaining plaintiffs.

■ [ For further details see text below.]

## STATEMENT

*Standard of Review*

If a party does not file a timely objection to an R&R, the court need only satisfy itself that the R&R is not clearly erroneous in order to accept the magistrate judge's recommendation. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Delgado v. Bowen,* 782 F.2d 79, 82 (7th Cir. 1986) (per curiam) (district court may reject magistrate's recommendation even when no objection is made); Fed.R.Civ.P. 72(b) Notes of Advisory Committee on Rules, 1983 Amendment ("the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

*Discussion*

The genesis of this case is *Aquilino v. Home Depot*, 04 C 4100, a 2004 FLSA case against Home Depot filed in the District Court of New Jersey. The numerous plaintiffs in this case originally opted into the New Jersey case. However, in April of 2011, the New Jersey court dismissed the claims of the *Aquilino* opt-in plaintiffs without prejudice to refiling elsewhere. This case (and others elsewhere) followed.

(continued)

| | Courtroom Deputy Initials: | TCP/c |
|---|---|---|

## STATEMENT

As detailed in the magistrate judge's August 3d order, Home Depot served interrogatories on February 3, 2012. Responses to the interrogatories, apparently, were not forthcoming as on July 9, 2012, the magistrate judge set Home Depot's motion to compel for hearing on August 1, 2012. In response, several groups of plaintiffs obtained permission to voluntarily dismiss their claims. In addition, the plaintiffs' counsel served placeholder objections to the interrogatories that reserved the right to file later substantive responses because counsel could not obtain this information from all of their remaining clients.

On August 1, 2012, the magistrate judge granted Home Depot's motion to compel as to plaintiffs Clyde Burtt, Jodie Fields, Dennis Lyons, Michael Palmer, David Pastwa, Dustin Quimby, Sandra Schane, Tye Sovine, Donna Taylor, Robert Weeks and Frederick Witcher (the "Non-Responsive Plaintiffs"). The Non-Responsive Plaintiffs are represented by counsel. Counsel for Home Depot has made numerous unsuccessful attempts to contact counsel for the plaintiffs. Moreover, plaintiff Michael Palmer failed to appear for his deposition and his counsel conceded that they have "been unable to get in touch with Mr. Palmer." Dkt. 55 at 4.

The able magistrate judge correctly notes that the Non-Responsive Plaintiffs' claims have been pending, in one court or another, since 2004. More recently, Home Depot has been attempting to obtain discovery from them for over six months. The authorities cited in the magistrate judge's August 3d R&R are all apropos: a plaintiff who willfully fails to comply with the discovery rules is not entitled to retain the right to litigate her claims at the time and in the manner of her choosing. Moreover, the failure of the Non-Responsive Plaintiffs to respond has prejudiced Home Depot and diverts judicial time away from litigants who are complying with the rules but are waiting in the queue.

The Non-Responsive Plaintiffs have not objected to the R&R or responded in any way. The court acknowledges that the ultimate sanction of dismissal is severe. Like the magistrate judge, however, the court finds that the Non-Responsive Plaintiffs have either abandoned their claims or forfeited their right to pursue them due to their failure to comply with discovery. Accordingly, the court adopts the R&R. The claims of plaintiffs Clyde Burtt, Jodie Fields, Dennis Lyons, Michael Palmer, David Pastwa, Dustin Quimby, Sandra Schane, Tye Sovine, Donna Taylor, Robert Weeks and Frederick Witcher are hereby dismissed with prejudice as a discovery sanction.