IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TODD W. ADDISON, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:11-cv-04086 |
| | ) | |
| v. | ) | JOINT MOTION FOR APPROVAL OF |
| | ) | SETTLEMENT AGREEMENT |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs Joseph Anderson, Jeffrey Andrews, Greg Fehr, Glenn Jacklin, and Robert Lisowski and defendant Home Depot U.S.A., Inc. seek approval of their agreement to settle plaintiffs' claims under the Fair Labor Standards Act ("FLSA"). Since this is a settlement of FLSA claims, the settlement must be approved by the Court. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216(b)).

I.      BACKGROUND

Plaintiffs Joseph Anderson, Jeffrey Andrews, Greg Fehr, Glenn Jacklin, and Robert Lisowski, collectively "plaintiffs," are former employees of Home Depot. On December 28, 2006, plaintiffs Anderson, Andrews, Fehr, and Lisowski filed consent forms to join *Aquilino v. Home Depot U.S.A., Inc*., No. 04-cv-04100 (D.N.J.), an FLSA collective action. On January 25, 2007, plaintiff Jacklin filed a consent form to join *Aquilino*. On February 15, 2011 the district court decertified *Aquilino*, which had previously been conditionally certified as a collective action.

On June 15, 2011, plaintiffs' counsel filed the instant action in this Court on behalf of 63 named plaintiffs, alleging that Home Depot improperly classified them as exempt from FLSA overtime requirements. (Dkt. 1.) Home Depot denies that any of the named plaintiffs, including plaintiffs, was improperly classified. (Dkt. 23.)

On December 19, 2012, the parties reached a settlement agreement. Plaintiffs and Home Depot executed a settlement agreement and general release, which is attached as exhibit 1. The agreement resolves the plaintiffs' individual FLSA claims and other claims plaintiffs could have made relating to their alleged misclassification, up to and including the date plaintiffs executed the agreement.

## II.     THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

A district court may approve an FLSA settlement between private litigants when the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Butler v. Am. Cable & Tel., LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011) (citing *Lynn's Food Stores*, 679 F.2d at 1354-55). The court must determine the fairness of the agreement. *See Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010). A settlement of FLSA claims should be approved if it "reflects a reasonable compromise of disputed issues . . . ." *Id.* at 994-95; *Lynn's Food Stores*, 679 F.2d at 1354.

The settlement here is fair and reasonable. In reaching agreement, the parties have taken into account the uncertainty and risks in litigation, as well as the costs that each party will incur if litigation of plaintiffs' claims continues. They have concluded that it is in their mutual interest to resolve the litigation of plaintiffs' claims in the manner set forth in the attached agreement.

The parties engaged in arms-length and good-faith negotiations and have reached a mutually agreeable settlement agreement. Plaintiffs have considered the potential value of their

claims and concluded that the proposed settlement provides a fair and reasonable resolution of their claims. Defendant supports this result because it eliminates the uncertainties and risks of further litigation. To ensure that their settlement is enforceable, the parties jointly present the agreement for the Court's review and approval.

The parties' settlement agreement does not include defendant's motion for sanctions, which remains pending before the Court. Accordingly, the case should not be dismissed in its entirety until resolution of the motion for sanctions.

III. CONCLUSION

Therefore, the parties jointly request that the Court approve their settlement agreement as fair and reasonable and enter an order dismissing plaintiffs' claims with prejudice.

Respectfully submitted,

Dated: February 4, 2013

__/s/ Garry T. Stevens, Jr._____

Olimpio Lee Squitieri (*pro hac vice*)
Caitlin Duffy (*pro hac vice*)
Garry T. Stevens, Jr. (*pro hac vice*)
Squitieri & Fearon, LLP
32 East 57th Street, 12th Floor
New York, NY 10022
Telephone: (212) 421-6492
Fax: (212) 421 – 6553
lee@sfclasslaw.com
caitlin@sfclasslaw.com
garry@sfclasslaw.com

Edward A. Wallace
Mark R. Miller
Wexler Wallace LLP
55 W. Monroe Street
Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222

___/s/ Zachary C. Jackson_____

Zachary C. Jackson
Epstein Becker & Green, P.C.
150 N. Michigan Avenue, 35th Floor
Chicago, Illinois 60601-7553
Telephone: (312) 499-1400
Fax: (312) 845-1998
zjackson@ebglaw.com

Joel M. Cohn (*pro hac vice*)
Juliet E. Gray (*pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington D.C. 20036-1564
Telephone: (202) 887-4000
Fax: (202) 887-4288
jcohn@akingump.com
jegray@akingump.com

Fax: (312) 346-0022                                    *Attorneys for Defendant*
eaw@wexlerwallace.com
mrm@wexlerwallace.com

*Attorneys for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 4th day of February, 2013, a true and correct copy of the foregoing was filed with the Court via its ECF system which served a copy upon all counsel of record.

By: _____/s/ Zachary C. Jackson_____
Zachary C. Jackson