# SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. This Settlement Agreement and General Release ("Agreement") is entered into by and between Joseph Anderson, Jeffrey Andrews, Greg Fehr, Glenn Jacklin, and Robert Lisowski, collectively "plaintiffs," and Home Depot U.S.A., Inc. The term "Home Depot" when used in this Agreement includes Home Depot U.S.A. and its past and present parents, subsidiaries, affiliates, officers, directors, agents, assigns, representatives, and employees.

2. <u>Non-Admission</u>. This Agreement does not constitute an admission by Home Depot of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind. Plaintiffs' settlement of their claims does not constitute any admission that their claims were not meritorious or were brought in bad faith.

3. <u>The Litigation</u>. Plaintiffs filed consent forms to join *Aquilino v. Home Depot U.S.A., Inc.*, No. 04-cv-04100 (D.N.J.), a lawsuit filed in the United States District Court of New Jersey that was decertified as a Fair Labor Standards Act collective action. As an outgrowth of *Aquilino*, plaintiffs' counsel filed *Todd W. Addison, et al v. Home Depot, U.S.A., Inc.*, No. 1:11-cv-04086, in the Northern District of Illinois on June 15, 2011. Plaintiffs and Home Depot desire to resolve this litigation and any and all other claims or disputes fully and finally, whether known or unknown, that have been made or could have been made by or on behalf of plaintiffs against Home Depot relating to conduct or events occurring at any time before and including the date on which this Agreement is executed. Plaintiffs and their counsel represent that there are no other claims or actions regarding the plaintiffs, other than those set forth in this paragraph.

4. <u>Joint Motion for Judicial Approval</u>. After the Agreement is fully executed, the parties will file with the district court a joint motion seeking approval of this Agreement together with a proposed order dismissing this action with prejudice. The parties and their counsel agree to cooperate in good faith and take any needed actions to obtain final approval of the Agreement and to implement the terms and conditions of the Agreement.

5. <u>Dismissal of Claims</u>. Plaintiffs agree to dismiss with prejudice all claims and actions that are covered by paragraph 3 above, once the settlement has been approved by the district court. However, this dismissal will have no affect on the motion for sanctions filed by Home Depot.

6. <u>Payment to Plaintiffs</u>. In consideration for signing this Agreement and the fulfillment of the promises herein, Home Depot agrees to pay plaintiffs the total amount of $15,000, less all applicable withholding taxes and payroll deductions. This amount includes all claims for attorney's fees and expenses, which will constitute 20 percent or $3,000, with the remainder to be distributed to plaintiffs on a *pro rata* basis. Within one week of executing the Agreement, plaintiffs will provide Home Depot with the amounts to be paid to each plaintiff and as attorney's fees and with executed W-9 forms for each plaintiff. Within 10 days after the district court enters an order approving the settlement, Home Depot will make the above payments.

7. <u>Waiver and Release of Claims</u>. Plaintiffs, on their own behalf and on the behalf of their respective descendants, dependents, heirs, executors, administrators, and assigns, fully and finally release and discharge Home Depot from any and all claims and rights of any kind that plaintiffs may have, whether now known or unknown, arising out of or in any way connected with plaintiffs' claim that they were misclassified as exempt from overtime requirements by Home Depot. These claims include, but are not limited to, claims under the Fair Labor Standards Act, state wage and hour laws, Employee Retirement Income Security Act, any other federal, state, or local wage and hour statute or law, any common, contract, or tort law based on a misclassification claim, and all claims for attorney's fees and costs. Plaintiffs represent that they know of no claim related to their allegation that they were misclassified that has not been released by this paragraph. This waiver and release of claims by plaintiffs will have no affect on the motion for sanctions filed by Home Depot.

8. <u>Non-Interference</u>. Nothing in this Agreement will interfere with plaintiffs' right to file a charge, cooperate, or participate in an investigation or proceeding conducted by any federal or state regulatory or law enforcement agency. However, the consideration provided plaintiffs by this Agreement is the sole relief provided to plaintiffs for the claims that are released herein and plaintiffs will not be entitled to recover and agree to waive any recovery against Home Depot in connection with any such released claim without regard to who has brought such claim.

9. <u>Payment of Applicable Taxes</u>. Plaintiffs will be solely responsible for all federal, state, and local taxes that may be owed by them by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiffs agree to indemnify and hold Home Depot harmless from any and all tax liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or any other entity regarding plaintiffs' tax obligations that may arise from the monetary consideration paid to plaintiffs under this Agreement.

10. <u>Confidentiality and Non-Disclosure</u>. Plaintiffs will not disclose the fact or terms of the Agreement or the existence of any claim or cause of action subject to the release of claims herein, to anyone other than their spouses, attorneys, and tax and financial advisors, or pursuant to court order, subpoena or as required by law. Should plaintiffs disclose information about this Agreement to such persons, plaintiffs shall advise such persons that they must maintain the confidentiality of such information and not disclose it unless required by law. Notwithstanding the above, plaintiffs may disclose that they have resolved their claims against Home Depot satisfactorily. Plaintiffs agree to immediately notify Home Depot's Legal Department upon receipt of such a court order or subpoena. If plaintiffs disclose information about this Agreement to their spouses, attorneys and/or tax and financial advisors, they will advise such persons that they must maintain the confidentiality of such information and must not disclose it unless required by law.

11. <u>Transfer of Claims</u>. Plaintiffs represent that they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association, or entity any released claim. Plaintiffs agree to indemnify and hold Home Depot harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, expenses (including attorney's fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiffs represent that there is nothing prohibiting them from entering into this Agreement.

12. <u>No Future Employment</u>. Plaintiffs agree that their employment relationship with Home Depot has been permanently and irrevocably severed. Plaintiffs hereby understand and agree that they will not be re-employed by Home Depot in the future and that they will not apply to Home Depot for any position in the future. Plaintiffs agree that if they apply, are offered, and accept such a position with Home Depot without disclosing that they have entered into this Agreement and that it contains a provision providing that they will not apply to Home Depot for employment in the future, the offer of employment may be withdrawn and plaintiffs may be terminated without notice, cause, or legal recourse.

13. <u>Non-Disparagement</u>. Plaintiffs agree that they will not make or cause to be made any statement that disparages or damages the reputation of Home Depot. Plaintiffs also agree that they will not encourage or incite other current or former employees of Home Depot to disparage or assert any complaint, claim or charge, or initiate any legal proceeding, against Home Depot. In the event that plaintiffs engage in any of the conduct described in this paragraph, they will be required to reimburse Home Depot the sum of $500.

14. <u>Plaintiffs Are Not Prevailing Party</u>. Plaintiffs will not be considered prevailing parties for any purpose.

15. <u>Breach</u>. Plaintiffs agree that if they breach this Agreement, including but not limited to their obligations set forth in paragraphs 7, 10, and 11 above, Home Depot's obligations under the Agreement will immediately end and Home Depot will be entitled to all remedies allowed in law or equity. Plaintiffs agree that any disputes concerning any alleged breach referenced in this paragraph (other than breach by filing an action in violation of the waiver and release provision) will be resolved by arbitration under the procedures outlined by the American Arbitration Association ("AAA"). The arbitration will be pursuant to the Federal Arbitration Act and National Rules for the Resolution of Employment Disputes, as published by the AAA, will govern the proceedings.

16. <u>Entire Agreement</u>. This Agreement contains the entire agreement between the parties with respect to all disputes or claims that plaintiffs have or could have had against Home Depot as of the date this Agreement is executed and supersedes all other agreements between the plaintiffs and Home Depot with regard to such disputes or claims. This Agreement will not be changed unless in writing and any change is signed by both plaintiffs and Home Depot.

17. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement will not affect other provisions, which will remain in full force and effect. However, the Agreement will be void and unenforceable if the release of claims provision above is found invalid or unenforceable.

18. <u>Acknowledgement</u>. Plaintiffs acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that they enter into this Agreement without reliance upon any representation, promise or inducement not set forth herein. Plaintiffs further acknowledge and represent that they assume the risk for any mistake of fact now known or unknown, and that they acknowledge the consequences of this Agreement and represent that its terms are fully understood and voluntarily accepted.

Plaintiffs acknowledge that they have: (a) consulted with or have had the opportunity to consult with an attorney of their choice concerning this Agreement and have been advised to do so by Home Depot; and (b) read and understand this Agreement, are fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or their attorneys' advice. Plaintiffs acknowledge that they have been given a reasonable time to consider the terms of this Agreement. Plaintiffs acknowledge that the proceeds of this Agreement will

not require the recomputation of any individual benefits that they may have been provided by Home Depot, including but not limited to, retirement benefits.

Plaintiffs further understand and acknowledge that they are releasing only claims in paragraph 7 of the Agreement that arose prior to the execution of this Agreement.

19. <u>Headings.</u> The headings contained in the Agreement are for reference purposes only and will not in any way affect the meaning or interpretation of this Agreement.

20. <u>Choice of Law.</u> This Agreement is to be interpreted pursuant to the laws of Illinois, except where the application of federal law applies.

JOSEPH ANDERSON

_____

Date: January __, 2013

JEFFREY ANDREWS

_____

Date: January __, 2013

GREG FEHR

_____

Date: January __, 2013

GLENN JACKLIN

_____

Date: January __, 2013

HOME DEPOT U.S.A., INC.

By: *Stephanie Alenat*

Title: *Senior Counsel*

Date: ~~January~~ February 4, 2013

5

ROBERT LISOWSKI

_____

Date: January __, 2013

REVIEWED AS TO FORM AND CONTENT:

Date: February 4, 2013

        SQUITIERI & FEARON, LLP

        By: _____
        Attorneys for Plaintiffs
        JOSEPH ANDERSON
        JEFFREY ANDREWS
        GREG FEHR
        GLENN JACKLIN
        ROBERT LISOWSKI

Date: February 4, 2013      AKIN GUMP STRAUSS HAUER & FELD LLP

        By: _____
        Attorneys for Defendant
        HOME DEPOT U.S.A., INC.

not require the recomputation of any individual benefits that they may have been provided by Home Depot, including but not limited to, retirement benefits.

Plaintiffs further understand and acknowledge that they are releasing only claims in paragraph 7 of the Agreement that arose prior to the execution of this Agreement.

19. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and will not in any way affect the meaning or interpretation of this Agreement.

20. <u>Choice of Law</u>. This Agreement is to be interpreted pursuant to the laws of Illinois, except where the application of federal law applies.

JOSEPH ANDERSON

*/s/ Joseph P. Anderson*

Date: January 17, 2013

HOME DEPOT U.S.A., INC.

By:_____

Title:_____

Date: January __, 2013

JEFFREY ANDREWS

_____

Date: January __, 2013

GREG FEHR

_____

Date: January __, 2013

GLENN JACKLIN

_____

Date: January __, 2013

5

not require the recomputation of any individual benefits that they may have been provided by Home Depot, including but not limited to, retirement benefits.

Plaintiffs further understand and acknowledge that they are releasing only claims in paragraph 7 of the Agreement that arose prior to the execution of this Agreement.

19. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and will not in any way affect the meaning or interpretation of this Agreement.

20. <u>Choice of Law</u>. This Agreement is to be interpreted pursuant to the laws of Illinois, except where the application of federal law applies.

JOSEPH ANDERSON

_____

Date: January ___, 2013

HOME DEPOT U.S.A., INC.

By:_____

Title:_____

Date: January ___, 2013

JEFFREY ANDREWS

*Jeffrey C. Andrews* (signature)

Date: January 17, 2013

GREG FEHR

_____

Date: January ___, 2013

GLENN JACKLIN

_____

Date: January ___, 2013

5

not require the recomputation of any individual benefits that they may have been provided by Home Depot, including but not limited to, retirement benefits.

Plaintiffs further understand and acknowledge that they are releasing only claims in paragraph 7 of the Agreement that arose prior to the execution of this Agreement.

19. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and will not in any way affect the meaning or interpretation of this Agreement.

20. <u>Choice of Law.</u> This Agreement is to be interpreted pursuant to the laws of Illinois, except where the application of federal law applies.

| JOSEPH ANDERSON | HOME DEPOT U.S.A., INC. |
|---|---|
| _____ | By:_____ |
| Date: January __, 2013 | Title:_____ |
| | Date: January __, 2013 |

JEFFREY ANDREWS

_____

Date: January __, 2013


GREG FEHR

*[signature]*

Date: January __, 2013


GLENN JACKLIN

_____

Date: January __, 2013

5

not require the recomputation of any individual benefits that they may have been provided by Home Depot, including but not limited to, retirement benefits.

Plaintiffs further understand and acknowledge that they are releasing only claims in paragraph 7 of the Agreement that arose prior to the execution of this Agreement.

19. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and will not in any way affect the meaning or interpretation of this Agreement.

20. <u>Choice of Law.</u> This Agreement is to be interpreted pursuant to the laws of Illinois, except where the application of federal law applies.

JOSEPH ANDERSON

_____

Date: January __, 2013

JEFFREY ANDREWS

_____

Date: January __, 2013

GREG FEHR

_____

Date: January __, 2013

GLENN JACKLIN

_/s/ Glenn Jacklin_____

Date: January 18, 2013

HOME DEPOT U.S.A., INC.

By:_____

Title:_____

Date: January __, 2013

not require the recomputation of any individual benefits that they may have been provided by Home Depot, including but not limited to, retirement benefits.

Plaintiffs further understand and acknowledge that they are releasing only claims in paragraph 7 of the Agreement that arose prior to the execution of this Agreement.

19.  Headings. The headings contained in the Agreement are for reference purposes only and will not in any way affect the meaning or interpretation of this Agreement.

20.  Choice of Law. This Agreement is to be interpreted pursuant to the laws of Illinois, except where the application of federal law applies.

JOSEPH ANDERSON

_____

Date: January ___, 2013

HOME DEPOT U.S.A., INC.

By:_____

Title:_____

Date: January ___, 2013

JEFFREY ANDREWS

_____

Date: January ___, 2013

GREG FEHR

_____

Date: January ___, 2013

GLENN JACKLIN

_____

Date: January ___, 2013

5

ROBERT LISOWSKI

_____

Date: January 21, 2013

REVIEWED AS TO FORM AND